*CONGREGATIONAL CHURCH BUILDING SOCIETY

*v.*

TRUSTEES OF THE SOCIETY OF THE FIRST CONGREGATIONAL
CHURCH OF JERSEY CITY et al.

[Submitted July 31st, 1908.   Decided September 22d, 1908.]

The complainant is a corporation affiliated with the Congregational church at large, whose principal business consists in furnishing weak and struggling churches with funds with which to erect church buildings and parsonages, securing any advances made by it by two methods, one called a "grant" mortgage and the other a "loan" mortgage.   In a suit brought by the complainant to foreclose a mortgage made by a needy church to a trustee to secure a sum due to certain of its creditors and assigned to the complainant to secure to it the repayment of advances made by it to another such church (one of the defendants). into which the mortgagor church had become merged upon the terms that the latter should pay the debts of the church so merged (secured by the mortgage), said defendant claimed that in the taking of the assignment it was complainant's intention to collect for the benefit of said defendant by general subscription for the purpose indicated such amount of money as could be collected for the purpose. and that the remainder should be advanced by the complainant to said defendant in the form of a mortgage known as a "grant" (practically a gift), evidence examined, and *held* that such contention was untenable, and that a decree for the complainant should be made for the sum actually advanced by it.

On final hearing on bill, answer, replication and proofs.

*Mr. Corra N. Williams* and *Mr. Edward M. Colie,* for the complainant.

*Mr. Frank H. Hall* and *Mr. Max Rosenberg,* for the defendant trustees.

*Mr. William C. Cudlipp,* for the defendants Louis Darmstadt and others.

*Omitted from its proper place.—REP.

HOWELL, V. C.

The bill in this case was filed by the Congregational Church Building Society, a New York corporation, against the trustees of the Society of the First Congregational Church of Jersey City, hereinafter called the Congregational church, to foreclose a mortgage made March 1st, 1895, by the South Bergen Reformed Church to David Henry, trustee, to secure the sum of $10,744.85 due to several creditors of the mortgagor on account of work done and materials furnished for the erection of a church in Jersey City. The facts as developed upon the hearing are as follows: The South Bergen Reformed Church corporation, some time prior to 1895, erected a church building which cost much more money than the church corporation had in hand to expend on it; creditors to the amount named in the above-mentioned mortgage remained unpaid, and in order to secure the payment, the said mortgage was made covering the church premises, but subject to a prior mortgage of $15,000 which was held as an investment. The South Bergen Reformed Church, after the giving of the mortgage, found that its financial needs were so great and its means of support so small that it would shortly be obliged to go out of existence. Negotiations were thereupon entered into between the South Bergen Reformed Church and the Congregational church looking to the absorption of the South Bergen Reformed Church, its members and its property, upon condition that the Congregational church would pay its debts which were secured by the mortgage. The Congregational church was willing to enter into this agreement provided it could be furnished with the money necessary for that purpose, and to this end it made application to the complainant for assistance in this enterprise. The complainant is a corporation affiliated with the Congregational church at large, whose principal business consists in furnishing weak and struggling churches with funds with which to erect church buildings and parsonages. It has two methods of securing any advances which may be made by it, one of which is called a "grant" mortgage and the other a "loan" mortgage. These are described by Mr. Charles E. Hope, the treasurer of the complainant, as follows: Grants are made principally to the more needy churches. The conditions annexed to "grants" are

that they shall remain Evangelical Congregational churches, shall keep insured, shall pay taxes and assessments, if any, shall maintain public worship and shall make an annual contribution to the society, *i. e.,* the complainant. It takes from the church corporation a mortgage in a special form evidencing the contract. When the complainant makes a "loan," the conditions are the same, except the "loan" is required to be returned by installments without interest. In the case of a default in the conditions contained in what is known as a "grant" mortgage so that the money becomes due, interest is charged from the date of the loan of the money.

On November 17th, 1896, negotiations between the Congregational church and the complainant, which had been carried on theretofore in a somewhat informal manner, culminated in a formal written application, signed by the trustees and deacons, addressed to the complainant requesting the complainant to furnish to it the sum of $10,500 to aid in purchasing the church property which was then the property of the South Bergen Reformed Church. A special meeting of the persons composing the complainant corporation was held on November 19th, 1896, to consider the request. At this meeting a resolution was passed by which the complainant professed to guarantee the payment of the mortgage in question, provided the title to the property should be satisfactory, and that the amount of the mortgage was all the indebtedness on the church with the exception of the first mortgage of $15,000, and appointed a committee to make special collections for the purpose, with the understanding that the property should belong to the Congregational church, which is known in the resolution as the Tabernacle Congregational Church, and that the complainant should protect by *trust mortgage* its payments and collections.

It was shortly after determined that this resolution did not express the exact intention of the complainant, and thereupon a second special meeting was called and held on November 27th, 1896, at which, after discussion, the following resolution was passed:

"*Resolved,* That the Congregational Church Building Society grant to the trustees of the First Congregational Church of Jersey City the sum of $2,700 to aid in the purchase of the church property of the South

Bergen Reformed Church of Jersey City, the same to be paid to said trustees of the First Congregational Church of Jersey City upon receipt of a mortgage in the usual form upon the property so purchased having prior encumbrances not exceeding $24,000."

Two days before the passage of this resolution a deed of conveyance was executed and acknowledeged from the South Bergen Reformed Church to the Congregational church covering the premises in question. At the end of the description of the property in this deed occurs this clause:

"Subject to a certain mortgage to Daniel Henry, trustee, dated March 1st, 1895, and recorded in book 330, page 15, of mortgages for Hudson county for ten thousand seven hundred and forty-four dollars and eighty-five cents ($10,744.85)."

This deed was recorded in the office of the register of deeds of Hudson county on December 1st, 1895, at nine o'clock A. M.

Some time prior to these events, a judgment had been recovered against the South Bergen Reformed Church, and the property sold by the sheriff of Hudson county by virtue of an execution issued on the judgment to George M. Craig, who received a sheriff's deed therefor, which deed of conveyance placed the legal title to the said premises in the said George M. Craig. On November 25th, 1896, Craig and wife executed and acknowledged a deed of conveyance for the said church premises to the Congregational church in consideration of one dollar, and at the end of the description thereof occurs this clause:

"Also subject to a certain mortgage to David Henry, trustee, dated March 1st, 1895, and recorded in book 330, page 15, of mortgages of Hudson county, for ten thousand seven hundred and forty-four dollars and eighty-five cents ($10,744.85)."

This deed was recorded in the office of the register of deeds of Hudson county on December 1st, 1896, at nine o'clock A. M.

These two deeds gave to the Congregational church the title to the said premises. On the same November 25th, 1896, the Congregational church executed a mortgage to the complainant to secure the sum of $2,700, covering the premises in question, which mortgage was in the form called in the case a "grant" mortgage.

This mortgage was acknowledged on November 28th, 1896, and was recorded in the office of the register of deeds on December 2d, 1896. On November 30th, 1896, the complainant drew its check to the order of the Congregational church for the said sum of $2,700, for which the trustees of that church gave a receipt by which they acknowledged receipt from the complainant of the sum of $2,700, to aid in the purchase of the house of worship of the South Bergen Reformed Church by the First Congregational Church of Jersey City, subject to all the provisions and conditions mentioned in the mortgage dated November 25th, 1896. It appears that the transaction was closed on the last day of November, 1896, and that the Congregational church was then put in possession of the property, subject to the first mortgage of $15,000, and subject also to the mortgage that was originally made to David Henry, trustee, on account of which the case shows $2,700 was paid, being the $2,700 which had been advanced by the complainant.

The pressure on the Congregational church for money seems not to have ceased, because on December 9th, 1896, at a meeting of the trustees of the complainant, the following resolution was passed:

"Voted that $6,000 be paid out temporarily from the grant fund, in the discretion of the finance committee, secretary and treasurer, with which, in addition to special collections for the same purpose to take up the second mortgage on the First Congregational Church of Jersey City, or any claims secured by it, *said mortgage to be assigned to this society.*"

This appears to be the last formal official action taken by the complainant with reference to the matter. The case shows, however, that on February 20th, 1897, David Henry, the holder of the mortgage in question, made an assignment of it in the usual form to the complainant, at which time Mr. Henry covenanted that there was owing upon the said bond and mortgage the sum of $11,500.

In the meantime both the complainant and the Congregational church, and its pastor, Mr. Scudder, employed themselves in securing subscriptions to aid the complainant and the Congregational church in paying the indebtedness which the church had

assumed. The total amount paid to David Henry was $11,488. This was made up of three items—first, the so-called grant money of November 30th, 1896, $2,700; second, collections amounting to $3,976.22, and third, $4,811.78 advanced by the complainant. The complainant has held the Henry mortgage from February, 1897, and until the beginning of this suit, does not appear to have demanded any interest or any installment of principal, and during all that time neither party appears to have thought of the mortgage or to have raised any discussion about its terms. I do not remember to have seen a more negligently conducted piece of important business. If the Congregational church had been diligent, it would have seen to it that proper measures were taken by the complainant and proper records made to show what the facts were or to substantiate the claim that it now makes. It now claims that it was the intention of the complainant to collect for the benefit of the Congregational church by general subscription for the purpose indicated such amount of money as could be collected for the purpose, and that the remainder should be advanced by the complainant in the form known in the case as a "grant," which is practically a gift, as appears by the conditions set out in Mr. Hope's testimony. In the face of the action taken by the trustees of the complainant at its meetings November 19th, November 27th and December 9th, 1896, I am unable to come to such a conclusion. The resolution of November 19th, 1896, purports to guarantee the payment of the Henry mortgage, but just what that means it is not easy to determine. It certainly did not authorize the complainant's officers to advance any money out of its treasury for the benefit of the Congregational church. The first authority to pay money was the resolution of November 27th that plainly authorized the officers of the company to make a "grant" of $2,700 upon receipt of what they knew as a "grant mortgage," but the thing which to my mind clinches the position taken by the complainant is the resolution of December 9th, in which the trustees of the complainant authorized the officers to pay temporarily $6,000 from the grant fund to aid in taking up the mortgage in question, "*said mortgage to be assigned to this society.*" If the complainant had intended at that time to advance the money in the form

of a "grant," how easy it would have been to say so, and why direct the officers of the complainant to see to it that the mortgage so to be purchased with the funds of the complainant should be assigned to the complainant?

This resolution of December 9th, 1896, is the last official act of the complainant that has been laid before the court. I have been unable to find in the case any fact which would justify me in holding that the complainant intended to make a practical gift of all this money to the Congregational church, or to do anything beyond what appears in the complainant's minutes as its official and formal conclusions. In the face of this resolution, how could any officer of the complainant feel authorized to advance so large a sum as was eventually advanced, on the security of a "grant" mortgage? The resolution requires that the mortgage should be assigned to the complainant. This was done. Nothing else would have satisfied the complainant's requirements.

I have no doubt but that the assignment of this mortgage to the complainant was understood by all the parties. It was necessary undoubtedly for the Congregational church and its officers to have accounted to the complainant for the amount of the collections made by it and its pastor in order that the complainant should know how much money it would be required to advance in order to take the mortgage from the hands of Mr. Henry. There is no testimony showing that this was so, but I do not see how the transaction could have been completed without the full knowledge of some at least of the officers of the Congregational church. The assignment was then taken in accordance with the resolution of the trustees of the complainant corporation, and so far and to that extent, the action of the complainant seems to be entirely consistent, and to be quite at variance with what the Congregational church now attempts to maintain.

I shall therefore advise a decree for the complainant for the sum actually advanced by it. If counsel cannot agree on the amount, I will either refer it to a master or attempt to fix the amount myself upon the settlement of the decree.

The same course will be taken with the Darmstadt claim. This is a judgment which is subject to the lien of the complainant's mortgage.